# EXHIBIT A

# EXHIBIT A

Charles A. Gulden
11802 E. 28th Pl
Yuma, AZ 85367
Phone: 928-782-5182

**Yuma Justice Court First Precinct**
In and For the County of Yuma, State of Arizona
250 W. 2nd Street, Suite A
Yuma, AZ 85364 (928) 817-4100

**PLAINTIFF**
Charles A. Gulden
11802 E. 28th Pl
Yuma, AZ 85367

Case No: _J1401CV2020-**1 7 6 0**_____

**SUMMONS**

-vs-

**CIVIL**

**DEFENDANT**
John C. Heath, Attorney at Law PC
c/o John C. Heath, Registered Agent
360 N. Cutler Drive
North Salt Lake City, UT 84054

---

**THE STATE OF ARIZONA TO THE ABOVE NAMED DEFENDANT(S):**

1.   You are summoned to respond to this complaint by filing an answer with this court and paying the court's required fee.  If you cannot afford to pay the required fee, you can request the court to waive or to defer the fee.

2.   If you were served with this summons in the State of Arizona, the court must receive your answer to the complaint within twenty (20) calendar days from the date you were served.  If you were served outside the State of Arizona, the court must receive your answer to the complaint within thirty (30) days from the date of service.  If the last day is a Saturday, Sunday, or holiday, you will have until the next working day to file your answer.  When calculating time, do not count the day you were served with the summons.

3.   This court is located at: 250 W. 2nd Street, Suite A, Yuma, AZ 85364.

4.   Your answer must be in writing.  (a) You may obtain an answer form from the court listed above, or on the Self-Service Center of the Arizona Judicial Branch website at http://www.azcourts.gov/ under the "Public Services" tab. (b) You may visit http://www.azturbocourt.gov/ to prepare your answer electronically; this requires payment of an additional fee. (c) You may also prepare your answer on a plain sheet of paper, but your answer must include the case number, the court location, and the names of the parties.

5.   You must provide a copy of your answer to the plaintiff(s) or to the plaintiff's attorney.

   **IF YOU FAIL TO FILE A WRITTEN ANSWER WITH THE COURT WITHIN THE TIME INDICATED ABOVE, A DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU, AS REQUESTED IN THE PLAINTIFF(S) COMPLAINT.**

Date: _____**SEP 0 3 2020**_____

_____
Judge's Signature   JUSTICE OF THE PEACE

[JUSTICE SEAL COURT {COURT SEAL}]

**REQUEST FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE COURT AS SOON AS POSSIBLE BEFORE A COURT PROCEEDING.**

<u>**Notice to the Defendant:  A lawsuit has been filed against you in Justice Court!**</u>
**You have rights and responsibilities in this lawsuit. Read this notice carefully.**

1.  In a justice court lawsuit, individuals have a right to represent themselves, or they may hire an attorney to represent them.  A family member or a friend may not represent someone in justice court unless the family member or friend is an attorney.  A corporation has a right to be represented by a managing member.  A corporation or an LLC may also be represented by an attorney.

If you represent yourself, you have the responsibility to properly complete your court papers and to file them when they are due.  The clerks and staff at the court are not allowed to give you legal advice.  If you would like legal advice, you may ask the court for the name and phone number of a local lawyer referral service, the local bar association, or a legal aid organization. .

2.  You have a responsibility to follow the Justice Court Rules of Civil Procedure ("JCRCP") that apply in your lawsuit.  The rules are available in many public libraries, at the courthouse, and online at the Court Rules page of the Arizona Judicial Branch website, at *http://www.azcourts.gov/*, under the "AZ Supreme Court" tab.

3.  A "plaintiff" is someone who files a lawsuit against a "defendant." You must file an answer or other response to the plaintiff's complaint **in writing and within twenty (20) days** from the date you were served with the summons and complaint (or thirty (30) days if you were served out-of-state.)  If you do not file an answer within this time, the plaintiff may ask the court to enter a "default" and a "default judgment" against you.  Your answer must state your defenses to the lawsuit.  Answer forms are available at the courthouse, and on the Self-Service Center of the Arizona Judicial Branch website at *http://www.azcourts.gov/*, under the "Public Services" tab.  You may prepare your answer electronically at *http://www.azturbocourt.gov/*; this requires payment of an additional fee.  You may also prepare your answer on a plain sheet of paper, but your answer must include the court location, the case number and the names of the parties.  You must provide to the plaintiff a copy of any document that you file with the court, including your answer.

4.  You may bring a claim against the plaintiff if you have one.  When you file your answer or written response with the court, you may also file your "counterclaim" against the plaintiff.

5.  You must pay a filing fee to the court when you file your answer.  If you cannot afford to pay a filing fee, you may apply to the court for a fee waiver or deferral, but you must still file your answer on time.

6.  You may contact the plaintiff or the plaintiff's attorney and try to reach an agreement to settle the lawsuit.  However, until an agreement is reached you must still file your answer and participate in the lawsuit.  During the lawsuit, the court may require the parties to discuss settlement.

7.  Within forty (40) days after your answer has been filed, you and the plaintiff are required to provide a disclosure statement to each other.  The disclosure statement provides information about witnesses and exhibits that will be used in the lawsuit.  A party may also learn more about the other side's case through discovery.  Read the Justice Court Rules of Civil Procedure for more information about disclosure statements and discovery.

8.  The court will notify you of all hearing dates and trial dates.  You must appear at the time and place specified in each notice.  If you fail to appear at a trial or a hearing, the court may enter a judgment against you.  To assure that you receive these notices, you must keep the court informed, in writing, of your current address and telephone number until the lawsuit is over.

Charles A. Gulden
11802 E. 28th Place
Yuma, AZ 85367
Phone: 928-782-5182
Email: chasinyuma@hotmail.com

## IN THE YUMA COUNTY JUSTICE COURT

## STATE OF ARIZONA

CHARLES A. GULDEN,

      Plaintiff,

vs.

JOHN C. HEATH,
ATTORNEY AT LAW PC,

      Defendant.

Case No. J1401CV2020 1 7 6 0

COMPLAINT

## JURISDICTION AND VENUE

1. This claim arises from tort and is made pursuant to the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227, and its Federal Communications Commission (FCC) TCPA implementing regulation, 47 C.F.R. §1200.

2. Plaintiff, Charles A. Gulden, resides in Yuma County, Arizona. Defendant, John C. Heath, Attorney at Law PC, doing business as Lexington Law, is a Utah entity that conducts business in and into the state of Arizona. All acts complained of herein occurred on Plaintiff's personal cell phone located in Yuma County, Arizona.

## FACTUAL ALLEGATIONS

3. On or about 2 September 2020 and 3 September 2020 Defendant or

COMPLAINT - 1

Defendant's employees, agents or parties acting on behalf of the Defendant initiated two (2) separate robotext messages from SMS Short Code 48280 to Plaintiff's personal cell phone number ending in 8019 for the purpose of soliciting for its credit repair services.

4.  Plaintiff had not provided Defendant with his prior express consent to transmit its robotexts to his cell phone.

5.  The complained of texts were not for emergency purposes and not made to collect debts owed to or guaranteed by the United States.

6.  For more than thirty-one (31) days prior to Defendant's text the Plaintiff's cell telephone number was also registered on the national Do Not Call Registry in which the federal government documents the telephone numbers of persons who do not wish to receive such telephone solicitations or texts.

7.  The complained of texts were an unwelcome annoyance, distraction and disturbance to Plaintiff and invasion of Plaintiff's privacy, unnecessarily utilizing Plaintiff's cell phone line, and consuming Plaintiff's time and attention to receive and deal with it.

## TCPA VIOLATIONs I & II

8.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

9.  The complained of texts initiated by or on behalf of the Defendant constitute two (2) separate negligent violations of the TCPA pursuant to 47 U.S.C. § 227(b)(1)(A)(iii), in that they were initiated to the Plaintiff's cell phone without his

COMPLAINT - 2

prior express consent.

10. The complained of texts constitute knowing and/or willful violation of the TCPA entitling Plaintiff to an award of $1,500.00 in statutory damages for each these two (2) violations, pursuant to 47 U.S.C. § 227(b)(3)(C).

## TCPA VIOLATION III & IV

11. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12. Defendant's texts were initiated to Plaintiff's cell phone number while it was registered on the national Do Not Call Registry.

13. Independent of the violations cited elsewhere in this Complaint, Defendant's texts were in violation of the TCPA pursuant to 47 U.S.C. § 227(c), 47 C.F.R. § 1200(c)(2) and 47 C.F.R. § 1200(e).

14. The foregoing calls and texts constitute multiple knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages for each of these two (2) additional violations, pursuant to 47 U.S.C. § 227(c)(5)(C).

## TCPA VIOLATION V

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Independent of the violations cited above in this Complaint, Defendant's violation of the TCPA in respect to the Do Not Call implementing regulations within 47 C.F.R. § 1200 indicate that it has failed to train its personnel engaged in any

COMPLAINT - 3

aspect of telemarketing in the existence of the Do Not Call list, in violation of 47 C.F.R. § 1200(d)(2).

17. Defendant's failure to train its personnel and any entity assisting with compliance in procedures established pursuant to the national Do Not Call Registry and rules constitutes violation of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages, pursuant to 47 U.S.C. § 227(c)(5)(C).

## RELIEF REQUESTED

18. Plaintiff seeks monetary damages based on treble the amount of Five Hundred Dollars ($500.00) for each of the five (5) TCPA violations complained of herein, amounting to a total amount claimed of Seven Thousand Five Hundred Dollars ($7,500.00). Plaintiff further claims post judgment interest, court costs and other expenses in connection with this case.

## JURY DEMAND

16. Plaintiff respectfully requests trial by jury.

Dated this 3ᵈ day of September, 2020.

Charles A. Gulden

COMPLAINT - 4