Daniel Woolston (#029705)
Lexington Law Firm
20620 North 19th Avenue
Phoenix, Arizona 85027
Telephone: (801)297-2492
Fax: (801)297-2511
daniel@lexingtonlaw.com

*Attorney for Defendant*
*Lexington Law Firm*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| **Charles A. Gulden**, | ) | **Case No. 2:20-cv-01906-ESW** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DEFENDANT'S MOTION TO** |
| | ) | **DISMISS PURSUANT TO** |
| **John C. Heath,** | ) | **FEDERAL RULE CIVIL** |
| **Attorney at Law PC**, | ) | **PROCEDURE 12(b)(6)** |
| | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |
| | ) | |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant John C. Heath, Attorney at Law PC, doing business as Lexington law ("Defendant") moves to dismiss Charles A. Gulden's (hereinafter referred to as "Plaintiff") First Amended Complaint in its entirety and with prejudice for failure to state a claim of action against Defendant.

Defendant certifies that, pursuant to LR Civ 12.1(c), Defendant's counsel and Plaintiff conferred via telephone and email. The conference took place on October 27 and 28, 2020. The calls and emails were made prior to the filing of this Motion to Dismiss. Per Rule 12.1(c), the Parties were "unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party."

## INTRODUCTION

Plaintiff's First Amended Complaint, based on alleged violations of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227, should be dismissed because Plaintiff's claims are conclusory allegations, and Plaintiff offers no real evidence to support them. Plaintiff neither provides sufficient facts to support his allegations that the calls and messages were issued by Defendant nor that the calls and messages were prohibited solicitations.

Claims I through V and their counterparts, claims XI through XV, should be dismissed because Plaintiff fails to provide sufficient facts to put Defendant on notice of the purported claims against it. Plaintiff states that "Defendant, Defendant's agents, employees or parties acting on behalf of the Defendant" "initiated" telephone calls to solicit Plaintiff. (Compl. ¶ 4). Yet based on the alleged facts in Plaintiff's Complaint, the Court cannot reasonably infer that Defendant was

the one calling Plaintiff, let alone soliciting him. For this reason, the Complaint in its entirety should be dismissed.

Claims VI through X and their counterparts, XVI through XX should also be dismissed for Plaintiff's failure to provide sufficient facts to put Defendant on notice of the purported claims against it. Specifically, Plaintiff fails to provide evidence that the messages were "solicited" for purposes of the TCPA, fails to provide the identity of the messenger, and even fails to provide his full phone number. Based on this information, the Court cannot reasonably infer that Defendant was soliciting Plaintiff through text message. Thus, the above claims should also be dismissed.

Plaintiff has attempted to make these claims before this Court on several different occasions and has seen his TCPA Complaints dismissed. Gulden v. Consol. World Travel Inc., Case No. CV-16-01113-PHX-DJH, 2017 WL 3841491, at *3 (D. Ariz. Feb. 15, 2017). For the above reasons, Defendant respectfully requests that Plaintiff's Complaint be dismissed in its entirety and with prejudice.

## FACTS

Plaintiff's Complaint alleges that from approximately September 2, 2020 to September 17, 2020, Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") by initiating ten (10) separate phone calls and

robo text messages using an automatic telephone dialing system to Plaintiff's cell phone for the purpose of soliciting its credit repair services.

Counts I-V are based on Plaintiff's allegations about receiving five (5) solicitation calls from Defendant to Plaintiff's cell phone. Plaintiff claims these calls were made by "Defendant, Defendant's agents, employees or parties acting on behalf of the Defendant." Plaintiff identifies neither the individual with whom he spoke with nor the context of said calls. Plaintiff only mentions that the phone calls were preceded by a "tell-tale pause and click noises before its agent began to speak." (Compl. ¶ 5.).

Counts VI-X are based on Plaintiff's allegations about receiving five (5) text messages from Defendant to Plaintiff's cell phone. Plaintiff claims that these messages were initiated without his prior express consent and that each message consisted of a "random, impersonal, pre-scripted message." (Compl. ¶ 5.).

Plaintiff also alleges that the same ten (10) calls and messages give rise to ten additional claims under 47 U.S.C. §227(C). Plaintiff labels these counts as TCPA Violations XI-XX. Because Plaintiff's cell phone number is supposedly on the Do Not Call Registry, Plaintiff claims that the above-mentioned calls and texts violate additional provisions of the TCPA and for this reason, he is seeking additional relief for each separate violation relating to each separate claim.

4

## LEGAL STANDARD

Under Rule 12(b)(6), dismissal is proper if, assuming the truth of all materials facts pled in the complaint, the moving party is nonetheless entitled to judgment as a matter of law. Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir.1999). With respect to the motion to dismiss, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. When a plaintiff pleads facts that are "merely consistent

with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  As a general rule, the Court must "limit[] its consideration to the pleadings and exhibits attached thereto" when deciding a Rule 12(b)(6) motion to dismiss. Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11 Cir. 2000) (internal quotation marks and citation omitted).

While factual allegations in the Complaint are taken as true for purposes of a Motion to Dismiss, conclusory allegations of law are insufficient. In re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996). The Complaint must give "fair notice" of the grounds being alleged against the Defendant to survive a Motion to Dismiss. Clayton v. HSBC Bank USA, No. CV-17-01464-PHX-SPL, 2018 WL 1586649, at *1 (D. Ariz. Mar. 31, 2018).

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff's Complaint should be dismissed. Plaintiff's claims are so indefinably stated that he fails to put forth any more than a speculative level of allegation to show a right to recovery. Plaintiff's claims are defective and should be dismissed.

**I.      Plaintiff Failed To Plead Facts Sufficient To Put Defendant "On Notice"**

All of the counts included in Plaintiff's Complaint are deficient because it is unclear what is claimed. "Plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility'" in order to "prevent 'a plaintiff with a largely groundless claim' from 'tak[ing] up the time of a number of other people…'" with unclear averments. See Eclectic Properties E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 995 (9th Cir. 2014) (citations omitted). Rule 8 of the Federal Rules requires allegations sufficient to put a Defendant "on notice" of the claims against it and give "fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Under this standard, Plaintiff's claims should be dismissed.

In *Gulden v. Consolidated World Travel Inc.,* the court found that this Plaintiff had not stated a cause of action because, for TCPA liability to attach, a defendant must ordinarily be identified as the "caller" who placed the alleged offending calls. 2017 WL 3841491 at *3. "Because identity is a necessary element of all of Plaintiff's claims, this deficiency warrants dismissal of all of Plaintiff's claims." Id. TCPA complaints that do not clearly identify who placed the alleged offending calls are insufficient. Consol.World Travel Inc., 2017 WL 3841491 at *3 ("Plaintiff's Complaint is devoid of any facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged because

the Compliant is devoid of any facts implying that Defendant was involved in the calls.") (internal quotation omitted).

Here, Counts I-V are faulty for the following reason. Plaintiff states that "Defendant, Defendant's agents, employees or parties acting on behalf of the Defendant" called him but offers no factual support for this statement. These claims are vague and do not supply the "necessary element" of the "identity" of the offending party. The Plaintiff's claims only provide "labels and conclusions" by insinuating that the phone numbers he provided belonged to Defendant without providing any facts to allow the Court to draw that reasonable inference. In fact, these allegations were deemed to be insufficient to state a claim by the *Consolidated World Travel* court, and are, likewise, insufficient here.

Counts VI-X are similarly faulty. Plaintiff does not specify who sent the text messages, pleading only that they were supposedly made by Defendant, its employees, agents, or parties acting on behalf of Defendant. While he asserts that the messages were associated with Defendant, Plaintiff provides no factual allegations to support that statement. Plaintiff only mimics the statutory language stating that the messages were sent for the purpose of soliciting credit repair. 47 U.S.C. § 227(a)(4). Any individual who researches Lexington Law Firm will know that they are a credit repair law firm and can attempt to make the same claim.

Under counts XI-XX, Plaintiff seeks relieve for the same ten (10) calls and messages mentioned in counts I-X. Here, Plaintiff claims that these alleged phone calls and messages are a violation of TCPA because his cell phone number is on the Do Not Call Registry list, in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 1200(c)(2).

This Court in *Gulden v. Consol. World Travel Inc.* held that these exact same allegations made by Mr. Gulden were insufficient to state a cause of action, and the Complaint was dismissed. The Court stated as follows:

Plaintiff has alleged that "Defendant, Defendant's agents or parties acting on behalf of the Defendant" initiated the alleged calls. (Doc. 1-1 at ¶ 3). Plaintiff offers no factual support for this statement, which leaves the Court wondering how Plaintiff concluded that Defendant was the source of the alleged calls. Plaintiff's Complaint is devoid of any facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," because the Complaint is devoid of any facts implying that Defendant was involved in the calls. Cf. Chesbro v. Best Buy Stores, L.P., 705 F.3d 913, 916 (9th Cir. 2012) (explaining that plaintiff claimed "he could identify the caller from the caller identification feature on his phone"). The Court therefore finds that on this issue, the Complaint provides only "labels and conclusions" and a "recitation of the elements" of a TCPA claim. See Twombly, 550 U.S. at 555. Because identity is a necessary element of all of Plaintiff's claims, this deficiency warrants dismissal of all of Plaintiff's claims.

Gulden v. Consol. World Travel Inc., 2017 WL 3841491, at *3.

Plaintiff failed to identify the "caller" who made the calls that allegedly violated TCPA. These allegations are similar to the ones being made against Defendant. The Complaint does not contain sufficient factual support to show that

9

Defendant sent the text messages to Plaintiff nor does it contain sufficient factual support to show that Defendant called Plaintiff.

Plaintiff bases his claim against Defendant upon the conclusory assertion that Defendant was responsible for calling and texting him. The law is clear that only the entity that "makes" the calls is liable for a violation of TCPA. 47 U.S.C. § 227(b)(1)(A)(iii); see also Mais v. Gulf Coast Collection Bureau, Inc., 944 F. Supp. 2d 1226, 1241-42 (S.D. Fla. 2013); Ashland Hosp. Corp. v. Int'l Bhd. of Elec. Workers Local 575, 807 F.Supp.2d 633, 645-46 (E.D. Ky. 2011) (dismissing a complaint brought against an entity that did not make the alleged violative calls). Plaintiff does not allege sufficient facts to connect the telephone calls and messages to Defendant. Therefore, the Complaint should be dismissed.

## II.   Plaintiff Failed To Plead Facts Sufficient To Show The Character Of The Calls And Messages

As mentioned above, Plaintiff's claims contain insufficient factual support to state a claim under Rules 8(a) and 12(b)(6). To survive a motion to dismiss, Plaintiff must adequately allege that the calls and messages he received were unsolicited advertisements as that defined by the TCPA. See 47 U.S.C. §227(b)(1)(C).

Plaintiff's allegation that Defendant was soliciting Plaintiff through calls and text messages suffers from the same lack of factual support as his allegation that

Defendant was involved in the calls. Plaintiff's Complaint alleges that the calls and messages he received were initiated "for the purpose of encouraging the purchase of its credit repair services" but provides no factual support that would allow the court to draw a reasonable inference that this is true (Compl. ¶ 3). The determination of whether a call was a prohibited solicitation should turn on "the purpose of the message." Chesbro, 705 F.3d at 918. Once again, Plaintiff fails to describe the calls, but simply avers that the calls and messages were made "for the purpose of encouraging the purchase of its credit repair services," This is nothing more than a conclusion, which Twombly specifically prohibits. Twombly, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions.") (emphasis added).

Without "further factual enhancement," Plaintiff's allegation that the calls and messages were unsolicited advertisements is insufficient to survive a motion to dismiss. See id. at 557. Defendant urges this Court to do as other courts have done in the face of similarly nondescript allegations and dismiss Plaintiff's complaint in its entirety and with prejudice.

WHEREFORE, the Defendant, LEXINGTON, respectfully requests that the Court grant Lexington's Motion to Dismiss.

**RESPECTFULLY SUBMITTED** this 28th day of October 2020.

Lexington Law Firm

By:    /s/<u>Daniel Woolston</u>

Daniel Woolston (#029705)
Lexington Law Firm
20620 North 19th Avenue
Phoenix, Arizona 85027

12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2020, I electronically transmitted the attached

Defendant's Motion to Dismiss to the Clerk's office using the CM/ECF System for

filing and served the Notice of Removal by email and U.S. Mail to:

Charles A. Gulden
11802 E. 28th Place
Yuma, AZ 85367
chasinyuma@hotmail.com
*Pro Se Plaintiff*


                                            */s/ Daniel Woolston*