WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles A. Gulden,<br><br>  Plaintiff,<br><br>v.<br><br>John C. Heath, Attorney at Law PC,<br><br>  Defendants. | No. CV-20-01906-PHX- ESW<br><br>**ORDER** |

Charles A. Gulden ("Plaintiff") brings this action against John C. Heath, Attorney at Law PC ("Defendant") for alleged violations of the Telephone Consumer Protection Act. Pending before the Court is Defendant's "Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)" (Doc. 19). After reviewing the parties' briefing (Docs. 19, 22, 23), the Court will deny Defendant's Motion (Doc. 19).[1]

**I. LEGAL STANDARDS**

**A.  Federal Rule of Civil Procedure 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to

---

[1] The parties have consented to proceeding before a Magistrate Judge pursuant to Federal Rule of Civil Procedure 73 and 28 U.S.C.§ 636(c). (Doc. 11).

survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, "the Court must take all well-pleaded allegations of material fact as true and construe them in the light most favorable to the non-moving party." *Great Minds v. Office Depot, Inc.*, No. 18-55331, 2019 WL 7206433, at *3 (9th Cir. Dec. 27, 2019). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

**B.  The Telephone Consumer Protection Act (the "TCPA)**

Congress enacted the TCPA "in response to an increasing number of consumer complaints arising from the increased number of telemarketing calls." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (citing S.Rep. No. 102-178 at 2 (1991), *reprinted in* 1991 U.S.C.C.A.N. 1968). The TCPA makes it unlawful for any person "to make any call . . . using any automatic telephone dialing system  or an artificial or prerecorded voice. . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service" without "the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii). Thus, to state a TCPA claim, a plaintiff must sufficiently allege that "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Associates,*

*LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C. § 227(b)(1)).  A text message is a "call" within the meaning of the TCPA.  *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 874 (9th Cir. 2014) (citing *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 952 (9th Cir. 2009)).

## **II. DISCUSSION**

In his First Amended Complaint, Plaintiff alleges that in September 2020, "Defendant, Defendant's agents, employees or parties acting on behalf of the Defendant" utilized an automatic telephone dialing system to make five separate calls and five separate text messages to Plaintiff's cell phone in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).  (Doc. 15 at 3-4).  Defendant asserts that the First Amended Complaint "does not contain sufficient factual support to show that Defendant sent the text messages to Plaintiff nor does it contain sufficient factual support to show that Defendant called Plaintiff."  (Doc. 19 at 9-10).

Although the TCPA is "silent as to vicarious liability," a "defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller."  *Gomez* , 768 F.3d at 877, 879; *see also Kline v. Elite Med. Labs., Inc.*, No. 1:19-CV-1043, 2019 WL 6828590, at *5 (M.D. Pa. Dec. 13, 2019) ("[A] seller or creditor cannot shield itself from liability simply by outsourcing telemarketing or collection calls to a third party.").  Here, Plaintiff has provided the phone number from which Plaintiff alleges that Defendant or its agents used to initiate calls and text messages to Plaintiff's cell phone by utilizing an automatic telephone dialing system.  (Doc. 15 at 3, ¶ 13).  Plaintiff has alleged that the messages received were to encourage Plaintiff to purchase Defendant's credit repair services.  (*Id.* at 2, ¶ 3).  A "claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (internal quotation marks and citation omitted).  The Court finds that the First Amended Complaint alleges facts sufficient "to raise a right to relief above the speculative level" that Defendant made calls

and text messages to Plaintiff's cell phone by utilizing an automatic telephone dialing system. *Twombly*, 550 U.S. at 555; *see also Robinson v. Midland Funding, LLC*, No. 10CV2261 MMA AJB, 2011 WL 1434919, at *3 (S.D. Cal. Apr. 13, 2011) (finding a plaintiff's allegation that the defendant made calls to his "cellular telephone via an 'automatic telephone dialing system' . . . using 'an artificial or prerecorded voice'" was sufficient to state a TCPA violation under § 227(b)(1)(A)(iii)).

In further support of its Motion to Dismiss, Defendant asserts that Plaintiff has failed to "adequately allege that the calls and messages he received were unsolicited advertisements as that defined by the TCPA. See 47 U.S.C. § 227(b)(1)(C)." (Doc. 19 at 10). However, 47 U.S.C. § 227(b)(1)(C) applies to telephone facsimile machines. Plaintiff has alleged a violation of § 227(b)(1)(A), which "applies to wireless numbers regardless of the content of the call, and is not limited only to calls that constitute telephone solicitations." *Leckler v. Cashcall, Inc.*, 554 F. Supp. 2d 1025, 1032-33 (N.D. Cal. 2008); *see also Shupe v. JPMorgan Chase Bank of Ariz.*, No. CV 11–00501–TUC–RCC, 2012 WL 1344820, at *7 (D. Ariz. March 14, 2012) ("Because the TCPA makes it unlawful 'to make any call' using an automatic telephone dialing system or an artificial or prerecorded voice, *see* 47 U.S.C. § 227(b)(1)(A), it is irrelevant that Plaintiff, at this time, has not alleged that the calls were solicitations or telemarketing calls."); *Melingonis v. Network Communs. Int'l Corp.*, No. 10 CV 1364 MMA NLS, 2010 WL 4918979, at *1 (S.D. Cal. Nov. 29, 2010) ("We note that [the TCPA] applies regardless of the content of the call and is not limited only to calls that constitute 'telephone solicitations.'") (citing *In re the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* 23 F.C.C.R 559, 565 (Jan. 4, 2008); *Robinson v. Midland Funding, LLC,* No. 10CV2261 MMA AJB, 2011 WL 1434919, at *3 (S.D. Cal. April 13, 2011) ("federal notice pleading standards do not require a plaintiff to allege details at the pleading stage about the time and context of every telephone call.") (internal quotation marks and citation omitted). The Motion to Dismiss (Doc. 19) will be denied.

## III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying Defendant's "Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)" (Doc. 19).

Dated this 24th day of November, 2020.

Honorable Eileen S. Willett
United States Magistrate Judge